UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISAAC WASHINGTON,

    Plaintiff,

v.                                         Case No. 8:25-cv-2898-TPB-CPT

PNC BANK, NATIONAL
ASSOCIATION, et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION ON CONSTITUTIONAL AND STATUTORY GROUNDS"**

    This matter is before the Court on Plaintiff Isaac Washington's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction on Constitutional and Statutory Grounds," filed *pro se* on October 24, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

    Plaintiff Isaac Washington brings this suit against Defendants PNC Bank, National Association and PNC Financial Services Group, Inc., for alleged violations of the Uniform Commercial Code and the United States Constitution. According to the allegations of the complaint, Plaintiff deposited a check in the amount of $1,750,144.27 into a PNC account on October 2, 2025. On October 3, 2025, PNC issued a hold notice. Plaintiff claims that the United States Treasury Department confirmed that the check was verified and paid to PNC, but PNC has made no portion of the funds available. Plaintiff claims that he has filed complaints with

various governmental agencies and entities, including the Consumer Financial Protection Bureau. Plaintiff does not appear to assert any specific claims for relief in his complaint. But as part of his request for a temporary retraining order, Plaintiff asks the Court to compel Defendants to immediately release and make available the full $1,750,144.27 in his account.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

Plaintiff has failed to plead or demonstrate that notice and a hearing on the motion is impractical. Although Plaintiff details some complaints made to various agencies and entities such as the Consumer Financial Protection Bureau, Plaintiff does not detail *any* efforts made to give notice of the TRO motion to Defendants, and he does not provide any legitimate reason why notice should not be required. Absent a showing of emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

Because Plaintiff has failed to meet the high burden for the issuance of a TRO, Plaintiff's request for a temporary restraining order must be denied. To the extent that Plaintiff wishes to seek a preliminary injunction, he must file a separate

motion and serve Defendants with a copy of the complaint and motion for preliminary injunction. Because Plaintiff has moved to proceed without costs (Doc. 4), he will not be authorized to serve Defendants until after the complaint has been properly screened by the magistrate judge.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction on Constitutional and Statutory Grounds" (Doc. 2) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of October, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE