UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISAAC WASHINGTON,

    Plaintiff,

v.                                             Case No. 8:25-cv-2898-TPB-CPT

PNC BANK, NATIONAL ASSOCIATION,
and THE PNC FINANCIAL
SERVICES GROUP, INC.,

    Defendants.
_____/

### ORDER DENYING "PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION"

This matter is before the Court on Plaintiff Isaac Washington's motion for preliminary injunction filed on December 4, 2025.[1] (Doc. 34). On January 5, 2026, Defendants PNC Bank, National Association and The PNC Financial Services Group, Inc. filed a response in opposition. (Doc. 44). Upon review of the motion, response, case file, and record, the Court finds as follows:

This case arises from a hold on a deposited check. According to the allegations of the amended complaint, Plaintiff deposited a check in the amount of $1,750,144.27 into a PNC account on October 2, 2025.[2] On October 3, 2025, PNC issued a hold notice. Plaintiff claims that the United States Treasury Department confirmed that the check was verified and paid to PNC, but PNC has made no portion of the funds

---

[1] The Court previously denied a motion seeking a temporary restraining order. (Docs. 2; 3; 5).
[2] It appears that the check is made payable to Jerald Jackson. Plaintiff attaches a document that appears to portray Plaintiff as an attorney-in-fact for Jerald Jackson. In addition, Plaintiff alleges that he himself is an authorized owner of the account and attaches what appears to be an account registration and agreement listing himself as an owner of the account together with Jerald C. Jackson.

available. Plaintiff claims that he has filed complaints with various governmental agencies and entities, including the Consumer Financial Protection Bureau. In his amended complaint, Plaintiff asserts multiple federal, state, and common law claims against Defendants related to Defendants' alleged misconduct in placing the hold, freezing the account, and placing the funds in an internal suspense account to allow for an investigation. Plaintiff seeks a preliminary injunction for the immediate release of the full $1,750,144.27 in the account.

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

To succeed on his motion, Plaintiff must establish a substantial likelihood of success on the merits and irreparable injury. Based on the current record before the Court, Plaintiff has not shown a substantial likelihood of success on the merits as to his claims. Most notably, it appears that (1) Plaintiff may not have the capacity to pursue this action in his own name if he is acting as a fiduciary on behalf of Jackson; (2) if Plaintiff is pursuing only personal claims in his own name, Plaintiff may lack

constitutional standing; and (3) if Plaintiff is pursuing only personal claims in his own name, Plaintiff may have failed to join an indispensable party – Jerald C. Jackson – as a real party in interest because Jackson is the joint owner of the account and the person that the check at issue is made payable to.[3] Moreover, the Court cannot say at this time, on this record, that Plaintiff has shown a likelihood of success on the merits as to any of his substantive claims asserted in the amended complaint. Plaintiff has also failed to demonstrate irreparable harm, as it appears that all of Plaintiff's claims provide for a remedy at law through monetary damages. Consequently, the motion for a preliminary injunction is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion for Preliminary Injunction" (Doc. 34) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] As to capacity, Plaintiff has brought this case in his own name and not in the name of Jerald C. Jackson. If Plaintiff is bringing this suit in a fiduciary capacity, even if Plaintiff has a valid power-of-attorney from Jackson, the suit should be brought in Jackson's name and not in Plaintiff's name. See *Loveland ex rel. Loveland v. State Farm Fire and Cas. Co.*, No. 13-20177-CIV, 2013 WL 1325365 (S.D. Fla. Apr. 1, 2013). As to standing, it appears that the concrete injuries-in-fact claimed by Plaintiff are personal to Jackson and not to Plaintiff, including financial injuries such as arrears for child support obligations, penalties, and financial harm.