**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ISAAC WASHINGTON,

      Plaintiff,

v.                                                                Case No. 8:25-cv-2898-TPB-CPT

PNC BANK, NATIONAL ASSOCIATION,
and THE PNC FINANCIAL
SERVICES GROUP, INC.,

      Defendants.

_____/

## ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED VERIFIED COMPLAINT"

This matter is before the Court on "Defendants' Motion to Dismiss the Second Amended Verified Complaint and Incorporated Memorandum of Law," filed on February 13, 2026.[1]  (Doc. 58).  On February 17, 2026, Plaintiff Isaac Washington, proceeding *pro se*, filed a response in opposition.  (Doc. 59).  On March 17, 2026, the Court directed the parties to file supplemental briefs concerning joinder.  (Doc. 60).  The parties filed briefs as directed.  (Docs. 61; 62).  Upon review of the motion, response, supplemental briefing, case file, and record, the Court finds as follows:

This case arises from a hold on a deposited check.  According to the allegations of the amended complaint, Plaintiff is a joint owner of a PNC checking account with non-party Jerald C. Jackson.  Plaintiff deposited a check made payable to Jackson in the amount of $1,750,144.27 into the PNC account on October 2, 2025.[2]  On October 3,

---

[1] The Court previously denied a motion seeking a temporary restraining order.  (Docs. 2; 3; 5).

[2] It appears that the check is made payable to Jerald Jackson.  Plaintiff attaches a document that appears to portray Plaintiff as an attorney-in-fact for Jerald Jackson.  In addition,

2025, PNC issued a hold notice. Plaintiff claims that the United States Treasury Department confirmed that the check was verified and paid to PNC, but PNC has made no portion of the funds available to Plaintiff. Plaintiff asserts that he has filed complaints with various governmental agencies and entities, including the Consumer Financial Protection Bureau. In his amended complaint, Plaintiff brings multiple federal, state, and common law claims against Defendants related to Defendants' alleged misconduct in placing the hold, freezing the account, and placing the funds in an internal suspense account to allow for an investigation. Among other things, Plaintiff seeks the release of the full $1,750,144.27 in the account.

On January 8, 2026, the Court entered an Order directing Plaintiff to file a second amended complaint to clarify whether he is pursuing this action in his own name (in whole or in part) or as a fiduciary for Jerald C. Jackson, to whom the check was made payable. The Court noted that such clarification was integral to key issues in the case, including constitutional standing and the joinder of parties. Plaintiff filed a second amended complaint as directed. The second amended complaint continues to name only Isaac Washington as a plaintiff, and Plaintiff explains that he is bringing this action "solely in Plaintiff's individual capacity for injuries personally suffered as a PNC customer, joint accountholder/authorized signer, and contracting party with Defendants." He explicitly does not seek to litigate any claims in a representative capacity.

---

Plaintiff alleges that he himself is an authorized owner of the account and attaches what appears to be an account registration and agreement listing himself as an owner of the account together with Jerald C. Jackson.

Under Rule 12(b)(7), "the party moving to dismiss an action for failure to join an indispensable party must establish the absent party is a 'required' party as defined by Federal Rule of Civil Procedure 19(a)." *State Farm Mutual Auto. Ins. Co. v. Performance Orthopedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1331 (S.D. Fla. 2017) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)).  An absent party is "required" if the court cannot accord complete relief among existing parties in that person's absence, or if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. P. 19(a); *see also Burgauer v. Premier Tr., Inc.*, No. 5:23-cv-708-PRL, 2024 WL 2978303, at *7 (M.D. Fla. June 13, 2024).  If a party is a required party and joinder is feasible, then a court must order that the person be made a party.  Fed. R. Civ. P. 19(a)(2).

In this case, Jerald C. Jackson is obviously a required party *because he has an interest in the subject of the action as the named payee on the check* and as a joint owner of the account at issue.  *See Rook v. First Liberty Ins. Corp.*, 591 F. Supp. 3d 1178, 1179-80 (N.D. Fla. 2022) (concluding that the plaintiff's wife was a necessary and indispensable party as a person with an interest in the insurance proceeds and to avoid the risk of a future claim from the wife against the defendant); *Armendariz v. Scottsdale Ins. Co.*, No. 1:20-cv-20127-UU, 2020 WL 6134263, at *2 (S.D. Fla. Jan. 28, 2020) (ordering joinder of a co-owner of insured property who was defined as an insured under the policy because failure to join could subject the insurer to substantial

risk of multiple or inconsistent obligations).  To put it simply, resolving this lawsuit without Jackson's presence would leave Defendants subject to a substantial risk of incurring multiple or inconsistent liabilities because Jackson is the payee of the check and a joint account holder with Plaintiff.  As such, Jackson must be joined. Defendants have filed a supplemental brief asserting that Jackson is subject to service of process and that his joinder would not destroy jurisdiction.  While maintaining that he does not believe joinder is necessary, Plaintiff appears to concede that joinder is possible and does not suggest any impediment to the joinder of Jackson, and there is nothing in the record to indicate that joinder is not feasible.  The Court will therefore require joinder under Rule 19.

Consequently, Plaintiff is directed to file a third amended complaint joining Jerald C. Jackson as a co-plaintiff in this action.  The Court declines to address Defendants' other arguments for dismissal at this time, which may have merit, but those arguments may be raised again should Plaintiff file a third amended complaint.

**The Court notes that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss the Second Amended Verified Complaint and Incorporated Memorandum of Law" (Doc. 58) is **GRANTED IN PART**, as set forth herein.

(2) The second amended complaint is **DISMISSED WITHOUT PREJUDICE**.

(3) On or before April 23, 2026, Plaintiff is directed to file a third amended complaint joining Jerald C. Jackson as a co-plaintiff in this action.[3] Failure to file an amended complaint consistent with this Order will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of April, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] **Plaintiff is reminded that the third amended complaint must be signed by Jackson's attorney of record, or by Jackson personally if he is unrepresented.** *See* **Fed. R. Civ. P. 11(a). The third amended complaint must also state the addresses, e-mail addresses, and telephone numbers of all signers (including both Plaintiff and Jackson).**